IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORON BRIAN ABDULLAH, )<br>#289 416, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>VENTRESS CORRECTIONAL )<br>FACILITY, *et al.*, )<br>)<br>    Defendants. ) | CIVIL ACTION NO. 2:17-CV-671-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action on September 8, 2017. Plaintiff did not submit the $350.00 filing fee or $50.00 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 5. In support of this request, Plaintiff provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Plaintiff and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Plaintiff owed an initial partial filing fee of $5.00. Doc. 6 at 1-2. The court therefore ordered that Plaintiff pay the initial partial filing fee on or before November 15, 2017. *Id*. at 2. In addition, this order specifically informed Plaintiff "that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee." *Id*. The order also "advised [Plaintiff] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and

request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Plaintiff that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

On November 16, 2017, the court granted Plaintiff's request for additional time to submit the court-ordered partial filing fee making the partial filing fee due on or before December 1, 2017. Doc. 8. Plaintiff has failed to pay the initial partial filing fee within the time allowed by the court. The court, therefore, concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for failure of Plaintiff to pay the initial partial filing fee under 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further

ORDERED that **on or before February 12, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 25th day of January, 2018.

                                        /s/Terry F. Moorer
                                       TERRY F. MOORER
                                       UNITED STATES MAGISTRATE JUDGE